UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| VINCIT ENTERPRISES, INC., <br> d/b/a UNISAN LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GENE ZIMMERMAN, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:06-cv-57 <br> ) <br> ) Judge Mattice <br> ) <br> ) |

# MEMORANDUM

Plaintiff Vincit Enterprises, Inc. ("Vincit") brings this action against Defendant Gene Zimmerman ("Zimmerman") pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332, alleging causes of action for breach of contract, intentional interference with business relationships, unfair competition, and misappropriation of trade secrets and seeking injunctive relief to prevent Zimmerman from contacting or soliciting customers of Vincit or disclosing or using trade secrets in violation of his employment agreement.

Before the Court is Defendant Zimmerman's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. For the reasons explained below, Defendant's Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**, and the Court will **RESERVE** ruling on Defendant's Motion for Summary Judgment.

**I.    STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th

Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. FACTS

Construing the complaint in the light most favorable to Plaintiff and accepting as true all well-pleaded factual allegations, the relevant facts are as follows.

Vincit is a Tennessee corporation engaged in chemical and poultry equipment sales. (Court Doc. No. 1-4, Compl. ¶¶ 1, 4.) Zimmerman entered into an employment agreement (the "Employment Agreement") with Vincit on April 20, 2001. (*Id.* ¶ 5 & Ex. A.) Relevant paragraphs of the Employment Agreement provide as follows:

8.

## TRADE SECRETS

Employee shall not at any time or in any manner, divulge, disclose, or communicate to any person, firm or corporation in any manner whatsoever any information concerning any matters affecting or relating to the business of employer, including without limiting the foregoing, any of its customers, the prices it obtains or has obtained from the sale of, or at which it sells or has sold its products, or any other information concerning the business of employer, its manner of operation, its plans, processes, or other data without regard to whether all of the foregoing matters will be deemed confidential, material, or important, the parties hereto stipulating that as between them, the same are important, material, and confidential and gravely affect successful conduct of the business of employer, and employer's good will, and that any breach of the terms of this paragraph shall be a material breach of the agreement, subjecting employee to suit for all damages, including consequential damages, for the breach and any other legal or equitable remedy available.

9.

## TRADE SECRETS AFTER TERMINATION OF EMPLOYMENT

All of the terms of paragraph 8 shall remain in full force and effect for the period of two (2) years after the termination of employee's employment by employer, two (2) years after expiration of this agreement, or his discharge for cause under paragraph 10.

. . . .

13.

## NON-SOLICITATION COVENANT

It is expressly recognized and acknowledged by employee that employer has developed and established a valuable and extensive trade in its products, that its customers have been established and maintained at substantial expense and are of great value to employer and that, by reasons of the employee's employment with employer, employee will become familiar with method of operation of company and obtain knowledge of trade secrets, technical information, chemical formulas, and other confidential information pertaining to such customers which have heretofore been developed and are assigned to

> the employee for his supervision. By reason of the foregoing, and in order for the employer to protect such valuable trade secrets, the employee agrees that during the term of the employee's employment with company and for a period of two years after termination of his employment for any reason whatsoever, he will not on his own behalf, or on the behalf of any competitor or employer, directly or indirectly engage in the business of selling, soliciting, or promoting the sale of any products which compete with the employer's products, promoted or sold by the employee while employed by employer to any person, firm, corporation, or institution with whom the employee had sold or serviced as an employee of the company at any time during the two years immediately preceding termination of employee's employment hereunder. If the scope of any restriction contained in this paragraph is too broad to permit enforcement of such restriction to its full extent, then such restriction shall be enforced to the maximum extent permitted by law, and the employee hereby consents and agrees that such scope may be judicially modified accordingly in any proceeding brought to enforce such restrictions. The employee will promptly upon termination of his employment with Vincit Enterprises Inc. D.B.A. Unisan LLC, deliver to Vincit Enterprises Inc. D.B.A. *Unisan LLC*, all lists and documents in his possession naming or identifying customers or prospective customers of Vincit Enterprises Inc. D.B.A. *Unisan LLC*, and all information in his possession relating to products of Vincit Enterprises Inc. D.B.A. *Unisan LLC*.

(*Id.* Ex. A.) Paragraph 17 provides that any dispute will be governed by Tennessee law. (*Id.*)

On November 9, 2005, Zimmerman gave notice of his retirement from Vincit effective as of November 4, 2005. (*Id.* ¶ 6.) Vincit alleges that Zimmerman is currently employed by, or is otherwise providing services to, Duchem, Inc. ("Duchem"), an entity that competes with Vincit. (*Id.* ¶ 11.) Zimmerman has been seen in the company of Duchem personnel at the premises of Tyson Foods in Nashville, Arkansas. (*Id.* ¶ 12.) When Zimmerman was employed with Vincit, he serviced the Tyson Foods account on behalf of Vincit. (*Id.*)

-4-

While employed with Vincit, Zimmerman had access to and acquired confidential information relating to the products, pricing, customers, sales methods, manner of operation, plans, processes, and other trade secrets and proprietary information of Vincit. (*Id.* ¶ 13.) Such information is essential to Vincit's business interests. (*Id.*) At all relevant times, Zimmerman was aware of the existing and prospective business and contractual relationships that Vincit maintains with its customers. (*Id.* ¶ 14.)

## III. DISCUSSION

Defendant argues that, for various reasons, all five counts of the complaint should be dismissed for failure to state a claim upon which relief can be granted.

### A. Insufficient Allegations

Defendant argues that Plaintiff's causes of action for breach of contract, intentional interference with business relationships, unfair competition, and misappropriation of trade secrets under the Tennessee Uniform Trade Secrets Act ("TUTSA"), Tenn. Code Ann. §§ 47-25-1701 to 47-25-1709, should be dismissed because the allegations in the complaint are insufficient to state such causes of action.

#### 1. *Count One – Breach of Contract*

First, Defendant contends that the allegations of the complaint are insufficient with regard to Plaintiff's cause of action for breach of contract.

The elements of a *prima facie* case of breach of contract are as follows: (1) the existence of an enforceable contract; (2) nonperformance of the contract amounting to a breach of the contract; and (3) damages caused by the breach of the contract. *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Defendant contends that Plaintiff has failed to make sufficient allegations that Zimmerman breached

the Employment Agreement with regard to either the solicitation of Vincit customers or the disclosure of Vincit trade secrets.

First, Defendant contends that the complaint fails to sufficiently allege that Zimmerman breached the Employment Agreement by soliciting Tyson Foods. In support of this contention, Defendant argues that the Employment Agreement restricts only Zimmerman's ability to sell, solicit, or promote the sale of products that compete with products sold by Vincit and that the allegations in paragraph 12 – that Zimmerman was seen "in the company of Duchem personnel at the premises of Tyson Foods" – indicate only simple contact, not solicitation.

The Court disagrees with Defendant's contention. As noted above, the allegations in the complaint need not be direct; inferential allegations are sufficient. *Scheid*, 859 F.2d at 436. Although Plaintiff does not directly allege that Zimmerman solicited Tyson Foods on behalf of Duchem, the allegations in the complaint are sufficient to allow the Court to infer an allegation that such solicitation took place and is the basis of Plaintiff's breach of contract claim. The complaint alleges that Defendant is employed by Duchem, that he was seen with other Duchem personnel at Tyson Foods, that Tyson Foods was one of the accounts serviced by Defendant when he worked at Vincit, and that Defendant has solicited Vincit clients. (Compl. ¶¶ 11-12, 18.) While the allegations in paragraph 12, taken alone, might be insufficient to allege solicitation, all of the allegations taken together are sufficient to support an inferential allegation that Zimmerman solicited Tyson Foods. Thus, the Court concludes that Plaintiff adequately alleges that Zimmerman breached the non-solicitation covenant of the Employment Agreement.

Second, Defendant contends that, to the extent that Plaintiff's breach of contract claim is based on Zimmerman's disclosure of trade secrets, Vincit has failed to allege any breach by Zimmerman because the restrictions in the Employment Agreement, by their terms, do not apply to Zimmerman as a result of the circumstances surrounding the end of his employment with Vincit. In support of this position, Vincit points to paragraph 9 of the Employment Agreement, which states that the trade secret prohibitions "remain in full force and effect for the period of two (2) years after the termination of employee's employment by employer, two (2) years after expiration of this agreement, or his discharge for cause under paragraph 10." (Compl. Ex. A ¶ 9.) Defendant contends that the prohibitions regarding trade secrets do not apply to him because he was not terminated by Vincit or discharged for cause and the Employment Agreement did not expire until April 20, 2006; rather, Zimmerman terminated the Employment Agreement on November 4, 2005, by announcing his retirement.

The Court cannot agree at this time with Defendant's contention. While it may be true that Zimmerman's retirement does not fall within the terms of paragraph 9, further factual development likely is necessary to resolve this issue. The Court is unwilling to declare at this stage of litigation that it can envision no set of facts under which Plaintiff could prevail on this claim. Accordingly, the Court will not dismiss Plaintiff's breach of contract cause of action for failure to state a claim.

        2.    *Count Two – Intentional Interference with Business Relationships*

Second, Defendant contends that the allegations of the complaint are insufficient with regard to Plaintiff's cause of action for intentional interference with business relationships.

The elements of a *prima facie* case of intentional interference with a business relationship are as follows: (1) an existing business relationship with specific third parties or a prospective relationship with an identifiable class of third persons; (2) the defendant's knowledge of that relationship and not a mere awareness of the plaintiff's business dealings with others in general; (3) the defendant's intent to cause the breach or termination of the business relationship; (4) the defendant's improper motive or improper means; and (5) damages resulting from the tortious interference. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 701 (Tenn. 2002). Defendant argues that Plaintiff fails to sufficiently allege that Zimmerman had specific knowledge of the business relationship between Vincit and Tyson Foods, intended to cause the breach or termination of that business relationship, or had an improper motive or used improper means. Defendant acknowledges that Plaintiff has alleged these elements but contends that the allegations are unsubstantiated and conclusory. Further, Defendant contends that Plaintiff does not sufficiently allege an improper motive or means because Zimmerman's actions did not breach the Employment Agreement.

First, with regard to Zimmerman's specific knowledge of the business relationship between Vincit and Tyson Foods, the complaint alleges that Tyson Foods "was one of the accounts serviced by Defendant Zimmerman during his employment with Vincit" and that "Defendant Zimmerman was aware of the existing and prospective business and contractual relationships which Vincit maintains with its customers." (Compl. ¶¶ 12, 14; *see also id.* ¶ 25.) The Court concludes that Plaintiff sufficiently alleges that Defendant had knowledge of the business relationship between Vincit and Tyson Foods as a result of the fact that he serviced the Tyson Foods account for Vincit.

Second, with regard to Zimmerman's intent to cause the breach or termination of the business relationship between Vincit and Tyson Foods, the complaint alleges that Defendant is employed by Duchem, that he was seen with other Duchem personnel at Tyson Foods, that Tyson Foods was one of the accounts serviced by Defendant when he worked at Vincit, and that Defendant solicited Vincit clients with the intent to cause the breach or termination of Vincit's existing business relationships. (Compl. ¶¶ 11-12, 18, 26.) The Court concludes that Plaintiff sufficiently alleges that Defendant intended to cause the breach or termination of the business relationship between Vincit and Tyson Foods. Although the complaint does not directly allege that Zimmerman sought to interfere with the relationship between Vincit and Tyson Foods, all of the allegations of the complaint, when taken together, are sufficient to allow the Court to infer facts that support the allegation of interference.

Third, with regard to Zimmerman's improper motive or use of improper means, as explained above, the complaint does sufficiently allege a breach of contract. *See infra* Part III.A.1. As a result, the Court concludes that Plaintiff sufficiently alleges this element of the cause of action.

Accordingly, because the complaint sufficiently alleges that Zimmerman had knowledge of the business relationship between Vincit and Tyson Foods, intended to cause the breach or termination of that business relationship, and had an improper motive or used improper means, the Court will not dismiss Plaintiff's cause of action for intentional interference with business relationships for failure to state a claim.

### 3. *Count Three – Unfair Competition*

Third, Defendant contends that the allegations of the complaint are insufficient with regard to Plaintiff's cause of action for unfair competition.

The elements of a *prima facie* case of unfair competition are as follows: (1) the defendant engaged in conduct that amounts to a recognized tort and (2) that tort deprives the plaintiff of customers or other prospects. *B&L Corp. v. Thomas & Thorngren, Inc.*, 162 S.W.3d 189, 216 (Tenn. Ct. App. 2004). Defendant argues that Plaintiff has failed to sufficiently allege the elements of unfair competition because Plaintiff has not sufficiently alleged that Zimmerman's conduct amounts to a recognized tort. The Court, however, has already concluded that Plaintiff has sufficiently alleged the tort of intentional interference with business relationships. Therefore, the Court will not dismiss Plaintiff's unfair competition cause of action for failure to state a claim.

### 4. *Count Four – Misappropriation of Trade Secrets Under TUTSA*

Fourth, Defendant contends that the allegations of the complaint are insufficient to state a cause of action for misappropriation of trade secrets under TUTSA.

The elements of a *prima facie* case under TUTSA are as follows: (1) the existence of a trade secret; and (2) misappropriation of that trade secret. *Hauck Mfg. Co. v. Astec Indus., Inc.*, 376 F. Supp. 2d 808, 816 (E.D. Tenn. 2005). A "trade secret" is "information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan that: (A) Derives independent economic value, actual or potential, from not being generally known to, and not being readily accessible by proper means by other persons who can obtain economic value from its disclosure or use; and (B) Is the subject of efforts that are

-10-

Case 1:06-cv-00057   Document 21   Filed 05/12/06   Page 10 of 18   PageID #: 10

reasonable under the circumstances to maintain its secrecy." Tenn. Code Ann. § 47-25-1702(4). "Misappropriation," as is relevant to the instant case, is the "disclosure or use of a trade secret of another without express or implied consent by a person who: . . . (ii) At the time of disclosure or use, knew or had reason to know that that person's knowledge of the trade secret was: . . . *(b)* Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use . . . ." Tenn. Code Ann. § 47-25-1702(2).

First, Defendant argues that Plaintiff has failed to allege the existence of any "trade secret," as defined above. Plaintiff does allege that "Defendant Zimmerman had access to and acquired confidential information relating to the products, pricing, customers, sales methods, manner of operation, plans, processes, and other trade secrets; and proprietary information of Vincit. That information is essential to Vincit's business interests." (Compl. ¶ 13.) Plaintiff also alleges that the Employment Agreement prohibited Zimmerman's disclosure of this information. (*Id.* ¶ 7 & Ex. A.) Defendant is correct, however, that Plaintiff fails to allege that such information had "independent economic value." The non-solicitation covenant of the Employment Agreement states that Plaintiff's customers and its trade in its products "are of great value" and that its trade secrets are "valuable." (*Id.* Ex. A ¶ 13.) These recitals in the Employment Agreement, however, are insufficient to allege that Plaintiff's trade secrets had "independent economic value." Additionally, although Plaintiff does allege that Zimmerman was prohibited from disclosing such information by way of the Employment Agreement, Plaintiff does not allege that it used reasonable efforts to maintain the secrecy of the information beyond what was required of Zimmerman. The fact that Zimmerman was prohibited from disclosing such information does not lead to an inference that all other employees (or Plaintiff's customers) were prohibited from disclosing such

-11-

information or that Plaintiff took other steps to ensure that the secrecy of such information was maintained. Thus, the complaint fails to allege sufficiently the existence of a trade secret.

Second, Defendant argues that Plaintiff has failed to allege that Defendant misappropriated the alleged trade secrets. Plaintiff does allege that the "actions of Zimmerman as set forth above constitute misappropriation and trade secret theft . . . ." (Compl. ¶ 35.) Plaintiff does not, however, provide any factual allegations related to Zimmerman's misappropriation. The allegation that Zimmerman was in the company of Duchem personnel at Tyson Foods is not sufficient, even taking into account all possible inferences stemming from that allegation. An allegation that Zimmerman was talking to his former customer in the presence of colleagues from his new employer does not support an inference that he used or disclosed any trade secrets of Vincit, and there are no direct factual allegations in the complaint that Zimmerman in fact used or disclosed any such trade secrets. Without any direct or inferential allegations of a disclosure by Zimmerman of Vincit's alleged trade secrets, the complaint fails to allege sufficiently Zimmerman's misappropriation.

Accordingly, because the complaint fails to allege sufficiently the elements of misappropriation of a trade secret under TUTSA, Plaintiff's cause of action under TUTSA must be **DISMISSED WITH PREJUDICE**.

## B. Preemption by TUTSA

Defendant argues that Plaintiff's causes of action for common law misappropriation of a trade secret, intentional interference with business relationships, and unfair competition should be dismissed to the extent they are preempted by TUTSA.

TUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tenn. Code Ann. § 47-25-1708(a). TUTSA does not affect, *inter alia*, contractual remedies or civil remedies not based on misappropriation of a trade secret. § 47-25-1708(b). TUTSA "has been uniformly interpreted to preempt previously existing misappropriation of trade secret actions, whether statutory or common law." *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F. Supp. 2d 649, 654 (E.D. Tenn. 2004). Thus, it is clear that Plaintiff's cause of action for common law misappropriation of trade secrets is preempted by TUTSA and must be dismissed.

TUTSA also preempts other causes of action if proof of those causes of action, in whole or in part, would constitute misappropriation of a trade secret. *Hauck Mfg.*, 375 F. Supp. 2d at 658. Thus, causes of action that will succeed or fail based on proof of the existence of a trade secret are preempted by TUTSA. *Id.* In the instant case, it appears that Plaintiff's causes of action for intentional interference with business relationships and unfair competition are primarily based on Zimmerman's alleged solicitation of Vincit's customers or otherwise on Zimmerman's alleged breach of the Employment Agreement. The solicitation of customers is not related to trade secrets, and contractual remedies are specifically excluded from preemption; thus, to the extent that the causes of action for intentional interference with business relationships and unfair competition are based on Zimmerman's solicitation of Vincit customers or otherwise on his alleged breach of the

Employment Agreement, the causes of action are not preempted by TUTSA. To the extent, however, that such causes of action are based on Zimmerman's alleged misappropriation of trade secrets – apart from any alleged breach of the Employment Agreement related to trade secrets as defined in that document – the causes of action are preempted by TUTSA.

Accordingly, Plaintiff's cause of action for common law misappropriation of trade secrets will be **DISMISSED WITH PREJUDICE**, and Plaintiff's causes of action for intentional interference with business relationships and unfair competition will be **DISMISSED WITH PREJUDICE** to the extent that such causes of action are based on Zimmerman's alleged misappropriation of Vincit's trade secrets. Plaintiff's causes of action for intentional interference with business relationships and unfair competition remain pending as they relate to any alleged breach of the Employment Agreement by Zimmerman.

### C. Injunctive Relief

Defendant also argues that count five of Plaintiff's complaint, which seeks injunctive relief, should be dismissed to the extent it relates to the misappropriation of trade secrets.

First, as the Court reads count five, it relates only to Plaintiff's breach of contract claim and not to Plaintiff's claims of misappropriation of trade secrets under TUTSA and Tennessee common law. Thus, because the Court will allow Plaintiff's breach of contract claim to stand, there is no need to alter count five. Second, even if count five could be read to seek injunctive relief related to Plaintiff's claims of misappropriation of trade secrets under TUTSA and Tennessee common law, there is no need to alter or dismiss any portion of count five. The Court has already concluded that it will dismiss Plaintiff's claims of

misappropriation of trade secrets, and it is understood that any relief sought by Plaintiff, including the injunctive relief in count five, can only be granted with respect to claims that remain pending.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In addition to seeking dismissal of the causes of action in the complaint pursuant to Rule 12(b)(6), Defendant's motion also seeks summary judgment with respect to all of Plaintiff's causes of action pursuant to Federal Rule of Civil Procedure 56. Defendant Zimmerman has submitted his affidavit in support of his motion for summary judgment. Plaintiff contends that it should be allowed to engage in discovery before being required to respond to Defendant's summary judgment motion. The Court agrees.

In *Celotex Corp. v. Catrett*, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, <u>after adequate time for discovery</u> and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." 477 U.S. 317, 322 (1986) (emphasis added). Further, the Sixth Circuit has stated as follows:

> The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. The non-movant bears the obligation to inform the district court of his need for discovery, however. . . . Thus, before a summary judgment motion is decided, the nonmovant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) which details the discovery needed, or file a motion for additional discovery.

*Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148-49 (6th Cir. 1996) (citations omitted). Federal Rule of Civil Procedure 56(f) permits a court to allow discovery prior to ruling on a motion for summary judgment if "it appear[s] from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts

-15-

essential to justify the party's opposition . . . ." Rule 56(f) has been interpreted to require that the party filing the affidavit indicate "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Gettings v. Bldg. Laborers Local 310*, 349 F.3d 300, 305 (6th Cir. 2003); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

In this instance, Plaintiff filed both an affidavit and a motion. Defendant argues that the affidavit is not sufficient to meet the requirements of Rule 56(f), but the Court disagrees. The affidavit submitted by Plaintiff states that Plaintiff cannot "present by affidavit facts essential to justify Plaintiff's opposition to the Motion for Summary Judgment." (Court Doc. No. 14, Brownfield Aff. ¶ 3.) It further implicitly identifies at least some of the material facts it hopes to uncover. Plaintiff states its need to take the deposition of Zimmerman, whose affidavit was submitted in support of the motion for summary judgment. Zimmerman's affidavit contains many material statements that go directly to the heart of this case, so Plaintiff's statement that it must depose Zimmerman in connection with this affidavit is sufficient to identify the material facts they wish to uncover. Although the affidavit does not specify why Zimmerman's deposition has not already been taken, it is clear that such a deposition would not have been possible prior to the initiation of this litigation.

With respect to the other material facts that Plaintiff states it wishes to uncover – discovery from Duchem regarding their solicitation of business from Tyson Foods and discovery from Tyson Foods regarding Zimmerman's contact as a representative of Duchem – it is evident to the Court that such facts are material and relevant, contrary to Defendant's assertion. Further, as to why Plaintiff has not previously discovered such information, although perhaps not stated as clearly as possible in Plaintiff's motion or Rule

-16-

Case 1:06-cv-00057 Document 21 Filed 05/12/06 Page 16 of 18 PageID #: 16

56(f) affidavit, the Court believes that the deposition of Zimmerman, or other initial discovery, must take place before Plaintiff will know precisely which representatives of Duchem and Tyson Foods it must depose.

In summary, Plaintiff has adequately set forth its need for discovery before responding to Defendant's Motion for Summary Judgment. Accordingly, Plaintiff's Motion to Allow Discovery to Respond to Defendant's Motion for Summary Judgment will be **GRANTED**. The Court will **RESERVE** ruling on Defendant's Motion for Summary Judgment and allow Plaintiff to take discovery before being required to respond to Defendant's motion.

## V. CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss will be **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss will be granted with respect to Plaintiff's claims of misappropriation of trade secrets under TUTSA and Tennessee common law and with respect to Plaintiff's claims of intentional interference with business relationships and unfair competition to the extent that those claims are based on Zimmerman's alleged misappropriation of trade secrets, and those claims will be **DISMISSED WITH PREJUDICE**. The Motion to Dismiss will be denied with respect to Plaintiff's claim of breach of contract and with respect to Plaintiff's claims of intentional interference with business relationships and unfair competition to the extent that those claims are not based on Zimmerman's alleged misappropriation of trade secrets.

Further, Plaintiff's Motion to Allow Discovery to Respond to Defendant's Motion for Summary Judgment will be **GRANTED**, and the Court will **RESERVE** ruling on Defendant's Motion for Summary Judgment.

A separate order will enter.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE